## A95A2572. INTERNATIONAL MAGAZINE SERVICE OF ATLANTA, INC. v. ALLNET COMMUNICATIONS SERVICES, INC.

(469 SE2d 305)

McMurray, Presiding Judge.

Plaintiff Allnet Communications Services, Inc. filed this action to recover payment for long distance telephone services provided to defendant International Magazine Service of Atlanta, Inc. and billed more than two years prior to the filing of the lawsuit. This interlocutory appeal is taken from the denial of defendant's motion for partial summary judgment predicated on the statute of limitation provided in the Federal Communications Act of 1934, 47 USC § 151 et seq., by 47 USC § 415 (a), which states that "All actions at law by carriers for recovery of their lawful charges, or any part thereof, shall be begun, within two years from the time the cause of action accrues, and not after."

Plaintiff would avoid the federal statute of limitation through reliance on the savings clause in 47 USC § 414 and by maintaining that the action is a common law claim under state law for breach of contract rather than a federal claim. 47 USC § 414 provides that: "Nothing in this chapter contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies." It is uncontroverted that the complaint was filed within the time allowed under the Georgia statute of limitation. *Held*:

There appear to be some differences of opinion among the federal appellate courts concerning the proper construction of 47 USC §§ 414 and 415. The matter is further clouded by the fact that the useful case law is often directed to issues other than those in this case, such as questions of federal jurisdiction.

One line of cases holds that actions to collect long distance charges are in an area preempted by federal law so that they are more than simple contract actions. The user of interstate telephone service is obliged to pay for it at the rate fixed by tariffs filed pursuant to 47 USC § 203 so that a complaint seeking to enforce that obligation arises under the Federal Communications Act. *Ivy Broadcasting Co. v. AT&T Co.,* 391 F2d 486 (2nd Cir.). Nonetheless, plaintiff relies upon *MCI Telecommunications Corp. v. Credit Bldrs. of America,* 980 F2d 1021, a Fifth Circuit case which partially rejects the holding in *Ivy Broadcasting* and states that an action for long distance charges is simply a breach of contract action which has its source in state law. Defendant argues that *MCI* should be distinguished, but more persuasive is the outright rejection of that case in *Western Union Intl. v. Data Development,* 41 F3d 1494, 1496, where the Eleventh Circuit notes that tariffs required to be filed are more than a

contract, they are law. We adopt the view that a long distance carrier's action for non-payment for services is the enforcement of rights arising under a federal statute. It follows that the federal statute of limitation is applicable.

The remaining matter is the proper construction of .47 USC § 414. Defendant is correct, however, in maintaining that this statute has been construed more narrowly than might be suggested by the literal statutory language and should be viewed only as preserving causes of action for breaches of duties distinguishable from those created under the Federal Communications Act. See in this regard *Cooperative Communications v. AT&T Corp.*, 867 FSupp. 1511 (D. Utah 1994) and *Kellerman v. MCI Telecommunications Corp.*, 112 Ill. 2d 428 (493 NE2d 1045), cited by plaintiff, but which are distinguishable since they involve claims which did not arise under the federal statutes.

Plaintiff's entire claim against defendant is barred by the federal statute of limitation. The state court erred in denying defendant's motion for partial summary judgment predicated on this theory. Defendant's counterclaim is not affected by this decision and remains pending.

*Judgment reversed. Andrews and Blackburn, JJ., concur.*

DECIDED FEBRUARY 9, 1996.

*Harman, Owen, Saunders & Sweeney, Perry A. Phillips*, for appellant.

*Michael H. Saul*, for appellee.